## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **Wagih Hanna, and** | ) | |
| **Bothina Hanna,** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | **C.A. No. S12J-03-058** |
| | ) | |
| **Dieter A. Baier,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**Submitted:** September 21, 2017
**Decided:** December 19, 2017

*Upon Defendant's Motion for Protective Order,* **GRANTED.**

ORDER

Andres Gutierrez de Cos, Esq., 4708 Kirkwood Highway, 2nd Floor, Wilmington, Delaware 19808, *Attorney for the Plaintiffs.*

Daniel A. Griffith, Esq., 405 N. King Street, Ste 500, Wilmington, Delaware 19801, *Attorney for the Defendant.*

**BRADY J.**

## PROCEDURAL BACKGROUND

In August 2011, the Massachusetts Superior Court of Worchester County entered a money judgment in the amount of $521, 610.31 against the Defendant. On March 9, 2012, a Foreign Judgment in the above amount was filed in this Court. On June 7, 2012, the Circuit Court for Talbot County Maryland issued a Charging Order against Defendant's interest in Cabinetry Unlimited, LLC ("CU, LLC"). Defendant filed a Petition for Bankruptcy in the United States Bankruptcy Court for the District of Maryland on August 23, 2013. Consequently, the Bankruptcy Court entered a Discharge Order, discharging the judgment Plaintiffs obtained against the Defendant. The Charging Order against Defendant's interest in CU, LLC survived the Bankruptcy discharge. In July 2017, Plaintiffs served Notices of Depositions to Defendant, CU, LLC, Park Street Investments, LLC, and PKS & Company; seeking Discovery in Aid of Execution. On July 27, 2017, Plaintiffs filed a Petition to Issue a Rule to Show Cause as to why Plaintiffs should not be allowed to execute on the judgment. Defendant filed this Motion for Protective Order on August 7, 2017 and this Court held a hearing on the matter on September 1, 2017. The Court allowed Plaintiffs to file supplemental submissions to address the issue of whether jurisdiction in Superior Court is appropriate. Plaintiffs filed a Memorandum of Law on Proper Jurisdiction on September 10, 2017. On September 21, 2017, Defendant filed a Response. This is the Court's decision.

## PARTIES' CONTENTIONS

Defendant contends that §18-703 of the Delaware Limited Liability Company Act ("Act") governs the Charging Order at issue. Defendant argues the Act provides, in summary, that (1) the Charging Order is a lien on Defendant's interest in CU, LLC; (2) the Charging Order

2

is Plaintiff's exclusive remedy; and (3) "attachment, garnishment, foreclosure or other legal or equitable remedies are not available to" the Plaintiffs.[1]

Plaintiffs contends that 6 *Del. C.* §18-703 does not bar post-judgment discovery because it "is not 'a legal remedy,' but only a supplement to execution per the language of the Rule."[2] Plaintiffs argue granting the protective order would prevent the Plaintiffs from knowing whether the Charging Order is being followed, or from determining how much is owed at this point.

Defendant contends that such discovery is prohibited by 6 *Del. C.* §18-703(d), and is in violation of the Bankruptcy Code even if the Act does not prohibit the discovery. Defendant argues that the judgment Plaintiffs seek to execute was discharged by the Bankruptcy Court for the District of Maryland, and the only remedy retained by the Plaintiffs is the Charging Order, which is a lien upon the Defendant's interest in CU, LLC and cannot be executed upon. Defendant avers that the nature of Plaintiff's discovery request is of "post-judgment discovery on a routine money judgment."[3]

Plaintiffs argue they are permitted to request discovery from **any person** per the test of Fed. R. Civ. Pro. 69 (a)(2).[4] Plaintiffs also rely on Delaware Superior Court Rules of Civil Procedure Rule 69(aa) in establishing their right to discovery. That Rule provides, "the judgment creditor or judgment creditor's successor in interest when that interest appears of record, may take discovery by deposition, interrogatories and requests for production, in aid of the judgment or execution."[5]

---

[1] Def.'s Mot. for Protective Order, at 3 (Aug. 7, 2017) (hereinafter, "Def's Mot.").
[2] Pl.'s Resp. to Def's Mot. for Protective Order, #6 (Aug. 24, 2017) (hereinafter, "Pl's Resp").
[3] Def's Mot., at 6.
[4] Pl's Resp. at 5. (emphasis added).
[5] Super. Ct. R. Civ. Pro. R. 69(aa).

Lastly, Defendant contends this Court lacks jurisdiction over this matter. Defendant asserts that a Charging Order on an LLC member's interest is governed by the Act and the Act "makes clear that jurisdiction for this action lies with the Court of Chancery."[6]

Plaintiffs contends this Court has exclusive jurisdiction because 10 *Del. C.* §3512 provides "the Superior Court may make all necessary rules respecting the form of process…[of] all other matters relating to attachment proceedings."[7] Plaintiffs assert that a charging order is a form of execution permitting a judgment creditor to divert a flow of payments from judgment debtor.[8] Accordingly, Plaintiffs contend the issue of enforcing a charging order must be heard in Superior Court.

## APPLICABLE LAW

The Limited Liability Company Act, §18-703 provides, in relevant part:

> (b) A charging order constitutes a lien on the judgment debtor's limited liability company interest. …
> (d) The entry of a charging order is the exclusive remedy by which a judgment creditor of a member or member's assignee may satisfy a judgment out of the judgment debtor's limited liability company interest and attachment, garnishment, foreclosure or other legal or equitable remedies are not available to the judgement creditor…
> (f) The Court of Chancery shall have jurisdiction to hear and determine any matter relating to any such charging order.[9]

## DISCUSSION

The Charging Order at issue provides that the Defendant's interest in the limited liability company CU, LLC, be charged with the payment of the Judgment registered by the Circuit Court for Talbot County, Maryland. The Act provides that such charging order constitutes a lien on the judgment debtor's interest in the limited liability company. Plaintiffs seek to execute the

---

[6] Def.'s Mot., at 6.
[7] Pl's Mem. of Law on Proper Jurisdiction, at 2 (Sep. 10, 2017) (hereinafter, "Pl's Mem. of Law").
[8] *Id.* (citing *MacDonald v. MacDonald*, 1986 Del. Ch. LEXIS 400, at *9 (Del. Ch. May 9, 1986).
[9] 6 *Del. C.* §18-703 (b), (d), and (f).

4

Charging Order in a way similar to an execution of a garnishment or attachment of wages of a money judgment. However, pursuant to §18-703(d) of the Act, the entry of the Charging Order is the exclusive remedy to which Plaintiffs are entitled, and no attachment, garnishment, foreclosure or other legal or equitable remedies are available to the Plaintiffs. In making the analogy between a charging order and wage garnishment, Plaintiffs rely on *MacDonald v. MacDonald*,[10] in which the Court of Chancery declined jurisdiction in a matter where the relief sought was a charging order against the defendant's interest in a Delaware limited partnership. However, since *McDonald* was decided, the statute has been amended. The relevant subsection has been amended several times, most recently, in 2005. In that year the legislation added a new subsection, which provides: "the Court of Chancery shall have jurisdiction to hear and determine any matter relating to any such charging order."[11] This amendment made clear that the proper jurisdiction to hear any matters relating to orders charging a member's interest in a limited liability company is exclusively in the Court of Chancery. The Court finds that the language, which is clear and unambiguous, includes not only execution on the Charging Order, but also proceedings in aid of execution.

## CONCLUSION

For the abovementioned reasons, Defendant's Motion for Protective Order is **GRANTED**. Any further proceedings must occur in the Court of Chancery.

**IT IS SO ORDERED**

**M. Jane Brady**
Superior Court Judge

---

[10] *MacDonald v. MacDonald*, 1986 WL 5480 (Del. Ch. May 9, 1986).
[11] 6 *Del. C.* §18-703(f) (2005).

5